NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 4 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CAROLYN ANNE GARRETT, Plaintiff-Appellant, v. UBS FINANCIAL SERVICES, INC., Intervenor-Appellee, GARRETT BULLOCK; et al., Defendants-Appellees. | Nos. 15-16272 16-15939 D.C. No. 3:14-cv-00141-LRH-WGC MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted April 2, 2018 **

Before: THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges.

Carolyn Garrett appeals pro se from the district court's judgment following a

bench trial in an interpleader action brought by the holder of a family trust, UBS

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Financial Services, Inc. We have jurisdiction under 28 U.S.C. § 1291. We review de novo whether the district court had subject matter jurisdiction. *Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1033 (9th Cir. 2000). We affirm.

Appeal No. 16-15939

The district court had subject matter jurisdiction over this interpleader action because two or more potential adverse claimants were diverse, and the amount-in-controversy requirement was satisfied. *See* 28 U.S.C. § 1335; *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967) (explaining that statutory interpleader allows for minimal diversity, *i.e.*, diversity of citizenship between two or more claimants, without regard to the fact that other rival claimants may be co-citizens).

The district court properly rejected Garrett's contention that UBS brought the interpleader action in bad faith, because UBS had a reasonable fear of exposure to double liability. *See Michelman v. Lincoln Nat'l Life Ins. Co.*, 685 F.3d 887, 894 (9th Cir. 2012) (holding that "in order to avail itself of the interpleader remedy, a stakeholder must have a good faith belief that there are or may be colorable competing claims to the stake" and that "good faith requires a real and reasonable fear of exposure to double liability or the vexation of conflicting

2                                                                                                  15-16272

claims").

Contrary to Garrett's contention, UBS had standing to bring the interpleader action because it faced a potential of multiple conflicting claims to the trust funds it was holding. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (setting forth elements of Article III standing). At the time that UBS brought the interpleader action, there were multiple potential claimants to the funds at issue. Moreover, when the action was brought, the statute governing the independence of an attorney reviewing a transfer instrument was ambiguous as to when independence should be evaluated. Thus, it was possible that some claimants had colorable claims, and UBS had a reasonable fear of exposure to double liability.

Garrett waived the issue of venue by failing to object timely. *See Libby, McNeill, & Libby v. City Nat'l Bank*, 592 F.2d 504, 510 (9th Cir. 1978) (venue is not jurisdictional and any impropriety is waived if there is no timely objection).

Garrett's challenge to the district court's denial of her motion for summary judgment is moot because Garrett ultimately prevailed at trial.

Appeal No. 15-16272

The district court did not abuse its discretion by denying Garrett's motion for reconsideration because Garrett failed to establish grounds warranting

3                                                                    15-16272

reconsideration.  *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and factors for reconsideration under Fed. R. Civ. P. 60(b)); *Abex Corp. v. Ski's Enter., Inc.*, 748 F.2d 513, 516 (9th Cir. 1984) ("[C]ourts have discretion to award attorney fees to a disinterested stakeholder in an interpleader action.").

**AFFIRMED.**